UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEVIN GAMBLE, 00-A-6625,

        Plaintiff,

        -v-

MS. KATHY FELKER, Nurse
Administrator, et al.,

        Defendants.

DECISION AND ORDER
07-CV-6458 CJS

INTRODUCTION

Plaintiff, a prison inmate confined at Attica Correctional Facility ("Attica"), brings this action pursuant to 42 U.S.C. § 1983. Now before the Court is Defendants' motion [#6] to dismiss this action pursuant to the "three strikes rule," 28 U.S.C. § 1915(g). For the reasons that follow, the motion is denied.

BACKGROUND

On September 19, 2007, Plaintiff, who was then confined at Southport Correctional Facility ("Southport"), filed this action, claiming that he was being denied proper medical care. Specifically, he alleged that one year earlier, in September 2006, while he was housed at Clinton Correctional Facility ("Clinton"), he was assaulted by corrections officers, and that as a result, he sustained a "fractured left arm" and injuries to his knees. Plaintiff further alleged that when he was transferred to Southport in December 2006, he told the medical staff about his injuries, and requested to see a doctor and to have an x-ray. Plaintiff states that although the medical staff gave him pain medication, they did not permit him to see a doctor or to have an x-ray.

On December 27, 2007, the Court granted Plaintiff permission to proceed *in forma pauperis* in this action, pursuant to 28 U.S.C. sec 1915(a). (Decision and Order [#4]). On February 28, 2008, Defendants filed the subject motion [#6], claiming that the action should be dismissed, since Plaintiff was not entitled to proceed *in forma pauperis*. Specifically, Defendants stated that at least three of Plaintiff's prior lawsuits had been dismissed under circumstances qualifying as "strikes" within the meaning of 28 U.S.C. § 1915(g). (Affirmation of Richard Benitez [#8]). In opposition to the motion, Plaintiff filed an affidavit [#13], which did not dispute that he has at least three "strikes" for purposes of 28 U.S.C. § 1915(g). Instead, Plaintiff's affidavit essentially summarized his claims in this lawsuit.

## DISCUSSION

28 U.S.C. § 1915(g) states, in relevant part, that,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court or the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Second Circuit has determined that the "imminent danger" exception § 1915(g) "only applies to danger existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002).

Here it is undisputed that Plaintiff has at least three strikes. However, it is unclear whether Plaintiff was in imminent danger of serious physical injury at the time he filed the complaint. Defendants dismiss this possibility, stating: "Plaintiff does not allege that he was facing any imminent harm when he commenced this action, nor could he do so in good faith. Even, [sic] a cursory review of the amended complaint confirms that plaintiff

was not, in fact, facing any imminent harm when he commenced this action." (Defendants' Memo of Law [#7] at 5).  However, Defendants' conclusory assertion fails to address Plaintiff's claim that he was suffering from an extremely painful medical condition, namely, an untreated fractured arm and a mis-aligned knee, at the time he filed the action.  Without further information concerning Plaintiff's medical condition at the relevant time, the Court cannot determine whether Plaintiff's injuries placed him in "imminent danger of serious physical injury."

## CONCLUSION

For the foregoing reasons, Defendants' application [#6] is denied, without prejudice to Defendants bringing another motion that is properly supported.

SO ORDERED.

Dated:     September 30, 2008
           Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge