**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

KEVIN GAMBLE,

                Plaintiff(s),

       v.

MS. KATHY FELKER, Nurse
Administrator, MR. NAPOLI,
Superintendent, MS. ALLEN, Nurse,
MR. HALUSKA, Medical Doctor,
MS. DIANE WEED, Registered Nurse,
MS. WALSH, Nurse,
CLINTON CORRECTIONAL FACILITY
SERGEANT SILVER, CORRECTIONAL
OFFICER PATRICK MAYNARD,
CORRECTIONAL OFFICER A. BABBIE,
CORRECTIONAL OFFICER S. MILLER,
CORRECTIONAL OFFICER DONAH and
CORRECTIONAL OFFICER T. ALLEN,

                Defendant(s).

**DECISION AND ORDER**
07-CV-6458

## Preliminary Statement

Currently pending before the Court is plaintiff's motion to compel. (Docket # 14). In his complaint, plaintiff alleges that defendants violated 42 U.S.C. § 1983 by using excessive force on him and then denying him medical treatment for his physical injuries. (Docket # 1). Specifically, plaintiff alleges that in August and September 2006, while confined at the Clinton Correctional Facility, several of the defendant correctional officers used excessive physical force on him, thereby inflicting serious physical injuries. (Docket # 1). Plaintiff alleges that he was "refused" medical attention after the defendants beat him.

(Docket # 1).

With the instant motion to compel, plaintiff seeks the production of his Department of Correctional Services ("DOCS") medical records. (Docket # 14). In response to plaintiff's motion, defendants maintain that the motion should be denied because plaintiff failed to comply with Rule 7.1(a)(1) of the Rules of the United States District Court for the Western District of New York. (Docket # 15). Specifically, defendants object on grounds that plaintiff failed to file his discovery demands with the Court, as required by the Local Rules of Civil Procedure.[1] (Docket # 15).

## Discussion

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In addition, the Rule provides that upon a showing of good cause, the court may order discovery of any matter relevant to the litigation. Id. In

---

[1] Defendants also opposed plaintiff's motion on grounds that it is premature due to a pending dispositive motion -- i.e., the defendants' motion to dismiss (Docket # 6). (Docket # 15). On October 1, 2008, the Court denied the defendants' motion to dismiss (Docket # 6). (Docket # 16). As a result, the Court will not address that portion of defendants' argument herein.

general, limitations on discovery should only be imposed where the requested discovery is "sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized privilege." <u>In re</u> Six Grand Jury Witnesses, 979 F.2d 939, 943 (2d Cir. 1992). So long as the request "appears reasonably calculated to lead to the discovery of admissible evidence," it should be permitted. <u>See</u> <u>Marano v. Aaboe</u>, No. 05 Civ. 9375(BSJ)(RLE), 2007 WL 631348, at *2 (S.D.N.Y. Feb. 27, 2007).

Here, plaintiff's medical records are extremely relevant to the instant litigation, as plaintiff's causes of action include claims of excessive physical force and denial of medical treatment. Plaintiff's request for these documents appears reasonably calculated to lead to the discovery of admissible evidence. Therefore, although plaintiff failed to comply with Local Rule 7.1(a)(1), plaintiff's motion to compel (Docket # 14) is **granted**. <u>See</u> <u>Holtz v. Rockefeller & Co.</u>, 258 F.3d 62, 73 (2d Cir. 2001)("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."). Defendants shall produce copies of plaintiff's medical records within **thirty (30) days** from entry of this order.

## Conclusion

Plaintiff's motion to compel (Docket # 14) is **granted.**

**SO ORDERED.**

Dated: March **16**, 2009
Rochester, New York

_____
Jonathan W. Feldman
United States Magistrate Judge

4