UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEVIN GAMBLE, 00-A-6625,

    Plaintiff,

    -v-

MS. KATHY FELKER, Nurse
Administrator, et al.,

    Defendants.

_____

DECISION AND ORDER
07-CV-6458 CJS

INTRODUCTION

  Plaintiff, formerly a prison inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983. Now before the Court is Defendants' motion [#19] to dismiss this action, or in the alternative, to sever claims or transfer venue. For the reasons that follow, the motion is granted in part and denied in part.

BACKGROUND

  On September 19, 2007, Plaintiff, who was then confined at Southport Correctional Facility ("Southport"), filed this action, claiming that he was being denied proper medical care. Plaintiff alleged that one year earlier, in September 2006, while he was housed at Clinton Correctional Facility ("Clinton"), he was assaulted by Corrections Officer Patrick Maynard ("Maynard"), Corrections Officer A. Babbie ("Babbie"), Corrections Officer S. Miller ("Miller"), Corrections Officer Donah ("Donah"), Corrections Officer T. Allen ("T. Allen"), and Corrections Sergeant Silver ("Silver"). Plaintiff alleged that as a result of being assaulted, he sustained a "fractured left arm" and injuries to his knees.

In December 2006, Plaintiff was transferred to Southport. At Southport, Plaintiff alleges that he told the medical staff about his injuries, and requested to see a doctor and to have an x-ray. Plaintiff states that although the medical staff gave him pain medication, they did not permit him to see a doctor or to have an x-ray. Specifically, Plaintiff alleges that he was denied medical care by Superintendent Napoli ("Napoli"), Nurse Administrator Felker ("Felker"), Dr. Haluska ("Haluska"), Nurse Allen ("Nurse Allen"), Nurse Weed ("Weed"), and Nurse Walsh ("Walsh").

The caption of the Complaint in this action lists the following defendants: Napoli, Felker, Haluska, Nurse Allen, Weed, and Walsh. Maynard, Babbie, Miller, Donah, T. Allen and Silver are not listed in the caption, but are mentioned in the body of the Complaint. Accordingly, it is somewhat unclear whether Plaintiff was attempting to assert claims against Maynard, Babbie, Miller, Donah, T. Allen and Silver, or whether he simply included information about the alleged assaults as background information. On December 27, 2007, the Honorable Richard Arcara, Chief Judge, granted Plaintiff permission to proceed *in forma pauperis* in this action, pursuant to 28 U.S.C. sec 1915(a). (Decision and Order [#4]). In doing so, Judge Arcara liberally construed the complaint as alleging claims for both excessive force and deliberate indifference to serious medical needs.

On February 28, 2008, Defendants filed a motion [#6] to dismiss the Complaint under the "three strikes" provision of 28 U.S.C. § 1915(g). In that regard, Defendants maintained that Plaintiff was not entitled to proceed *in forma pauperis*, since at least three of his prior lawsuits were dismissed under circumstances qualifying as "strikes" within the meaning of 28 U.S.C. § 1915(g). (Affirmation of Richard Benitez [#8]). Plaintiff did not dispute that he had at least three "strikes" for purposes of 28 U.S.C. § 1915(g).

Nevertheless, the Court denied the motion to dismiss, since it was unclear whether or not Plaintiff's medical condition qualified him to proceed *in forma pauperis* under the "imminent danger exception" to 28 U.S.C. § 1915(g). The Court stated:

> [I]t is undisputed that Plaintiff has at least three strikes. However, it is unclear whether Plaintiff was in imminent danger of serious physical injury at the time he filed the complaint. Defendants dismiss this possibility, stating: "Plaintiff does not allege that he was facing any imminent harm when he commenced this action, nor could he do so in good faith. Even, [sic] a cursory review of the amended complaint confirms that plaintiff was not, in fact, facing any imminent harm when he commenced this action." (Defendants' Memo of Law [#7] at 5). However, Defendants' conclusory assertion fails to address Plaintiff's claim that he was suffering from an extremely painful medical condition, namely, an untreated fractured arm and a mis-aligned knee, at the time he filed the action. Without further information concerning Plaintiff's medical condition at the relevant time, the Court cannot determine whether Plaintiff's injuries placed him in 'imminent danger of serious physical injury.'

(Decision and Order [#16]).[1] The Court denied the motion to dismiss, "without prejudice to Defendants bringing another motion that is properly supported." (*Id*.). Subsequently, Defendants did not provide the Court with any additional information concerning Plaintiff's medical condition. In that regard, the docket does not contain Plaintiff's medical records or any statement from any of Plaintiff's medical providers.

On March 13, 2009, Defendants filed the subject motion to dismiss and for sanctions, or in the alternative, to sever claims and transfer venue. Specifically, Defendants ask the Court "to dismiss the case pursuant to 28 U.S.C. § 1915(e)(2), to impose sanctions pursuant to Rules 11(c)(3) and 16, or in the alternative to sever and

---

[1] In denying Defendants' motion, the Court relied on its review of the Complaint, and determined that Plaintiff was only asserting medical claims. At that time, the Court was not aware that in granting Plaintiff's application to proceed *in forma pauperis*, Judge Arcara had construed the Complaint as also alleging excessive force claims. Otherwise, the Court probably would have dismissed the excessive force claims, since they would not have fallen under the "imminent danger" exception.

3

transfer claims to the proper venue pursuant to 28 U.S.C. § § 1391 and/or 1404." (Def. Notice of Motion [#19]). In support of the motion, Defendants maintain that Plaintiff already commenced lawsuits in the U.S. District Court for the Northern District of New York ("Northern District") against Maynard, Babbie, Miller, Donah, Silver, and T. Allen, arising from the same excessive force incidents alleged in the instant lawsuit. Specifically, Plaintiff sued Maynard, Babbie, Miller, Donah, and Silver in Case Number 06-CV-1543 (NDNY), and sued T. Allen in Case Number 06-CV-1182 (NDNY). Defendants further maintain that Plaintiff lied to the Court when he commenced this action, because he failed to disclose the lawsuits in the Northern District when asked, and stated that he had not commenced any other lawsuits dealing with the same facts involved in this action. (*See*, Complaint [#1] ¶ 4(A)). Actually, Plaintiff disclosed the lawsuit against T. Allen (*See, id*. at ¶ B(1)), but did not indicate that it was related to the instant lawsuit.

Defendants' motion is cursory, vague, and confusing, since it does not clearly indicate the relief that is being sought. On one hand, the motion appears to be directed only at the excessive force claims, while on the other hand, the supporting Memorandum of Law asks the Court to dismiss the entire action, based on "plaintiff's abuse of process of the Court." Plaintiff did not respond to Defendants' motion.

DISCUSSION

It is clear that, "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The excessive force claims in this action are clearly identical to and duplicative of the claims that Plaintiff asserted in separate actions in the Northern District. Consequently, the excessive force claims are dismissed.

4

As for Plaintiff's medical claims against staff at Southport, Defendants have not demonstrated that such claims should be dismissed or transferred. Consequently, the medical claims may go forward.

CONCLUSION

For the foregoing reasons, Defendants' application [#19] is granted in part and denied in part. The excessive force claims are dismissed, and the Clerk of the Court is directed to terminate Maynard, Babbie, Miller, Donah, T. Allen and Silver as defendants. The medical claims against Napoli, Felker, Haluska, Nurse Allen, Weed, and Walsh may go forward. The parties are hereby directed to contact the chambers of the Honorable Jonathan W. Feldman, United States Magistrate Judge, to request a Scheduling Order, pursuant to Judge Feldman's Order [#25] issued on April 1, 2009, which held the issuance of a scheduling order in abeyance pending the resolution of Defendants' motion to dismiss.

SO ORDERED.

Dated: February 12, 2010
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge